**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

<u>Gregory Paul Violette</u>

    v.                                                        Civil No. 2:19-cv-458-JNL

<u>Kate Phillips and United States</u>
<u>Probation and Pretrial Services</u>[1]

**REPORT AND RECOMMENDATION**

    Plaintiff, Gregory Paul Violette, who was an inmate at the Federal Medical Center Devens in Massachusetts when he filed this action, has filed a Complaint (Doc. No. 1) and an Amended Complaint (Doc. No. 24) asserting that the defendants, a probation officer and U.S. Probation and Pretrial Services, exceeded their authority and violated Mr. Violette's federal rights in causing him to be sentenced by a judge for violating the conditions of his supervised release. Mr. Violette's complaint (Doc. No. 1) and amended complaint (Doc. No. 24) are before this court for preliminary review, pursuant to 28 U.S.C.

---

[1] The claims in this case are essentially identical to the claims in <u>Violette v. Turgeon</u>, No. 2:19-cv-480-LBM (D. Me.), and <u>Violette v. Baker</u>, No. 2:19-cv-479-PJB (D. Me.), except that different probation officers are named as defendants in those cases. The undersigned magistrate judge issued essentially the same Report and Recommendation ("R&R") in the preliminary review of Mr. Violette's pleadings in all three cases. The R&R was approved in <u>Turgeon</u> in September 2020, resulting in the dismissal of that case. <u>See</u> Sept. 3, 2020 Order, <u>Turgeon</u> (ECF No. 23). The R&R remains pending before Judge Barbadoro in <u>Baker</u>.

§ 1915A(a).

## Standard

The court conducts a preliminary review of inmate complaints, see 28 U.S.C. § 1915A(a). Where such pleadings are filed pro se, the court construes them liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief'" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

## Discussion

Both the complaint (Doc. No. 1) and the amended complaint (Doc. No. 22), liberally construed, assert claims for damages against the defendant probation officer and the U.S. Probation and Pretrial Services office for violating Mr. Violette's federal rights. Mr. Violette alleges that the defendants

exceeded their authority and violated Mr. Violette's right to due process under the Fifth Amendment, by causing him to be sentenced by a judge for a supervised release violation. The district judge in Mr. Violette's federal prosecution imposed a 27-month sentence of imprisonment after Mr. Violette admitted to the revocation charges. See April 16, 2019 Minute Entry & Revocation Jt., United States v. Violette, No. 1:00-cr-00026-GZS (D. Me. Apr. 16, 2019) (ECF Nos. 206, 208). Mr. Violette claims that he was entitled to a jury trial on that issue.

"United States Probation Officers are 'officers of the court,' who act as the court's 'eyes and ears' and 'provide information and recommendations to the court.'" United States v. Amatel, 346 F.3d 278, 279 (2d Cir. 2003) (citations omitted). "Probation officers are authorized and required by law to, inter alia, keep informed as to the conduct and condition of a person on supervised release and to report such conduct and condition, including any violations of the conditions of release, to the sentencing court." United States v. Bermudez-Plaza, 221 F.3d 231, 234 (1st Cir. 2000) (citing 18 U.S.C. § 3603(2), (8)(B)).

> Pursuant to this important role, Probation Officers . . . upon learning that a defendant under their supervision may have violated the terms of his release . . . would forward a petition to the district court seeking to initiate a proceeding to determine whether that release should be revoked. See 18 U.S.C. § 3583(e)(3) (providing that a district court may revoke a previously-imposed term of supervised release).

3

Amatel, 346 F.3d at 279-80.

> [A] motion such as that filed by the probation officer in this case is merely an exercise of the officer's statutory duty to "report" to the district court on the conduct and conditions of a person on supervised release. When a probation officer includes in her report a recommended course of action, she is merely assisting the district court in its evaluation of the alleged violation, as is required of her as an investigatory and supervisory agent of the Judiciary.

Bermudez-Plaza, 221 F.3d at 234 (citations omitted) (18 U.S.C. § 3603 authorizes probation officer to file motion with recommendations, initiating revocation proceedings). Accordingly, Mr. Violette has failed to state a claim that defendants exceeded their statutory authority in initiating the proceedings that led the district court to revoke his supervised release.

To the extent Mr. Violette seeks to use this civil rights action asserting claims challenging the revocation of his supervised release, he is precluded from doing so. Plaintiffs are generally barred from litigating claims for damages that would necessarily imply the invalidity of a judgment of conviction and a sentence unless the judgment and sentence have been previously invalidated. See Heck v. Humphrey, 512 U.S. 477, 487 (1994) (courts must dismiss claims under 42 U.S.C. § 1983 if judgment in plaintiff's favor would necessarily imply invalidity of conviction or sentence that has not been invalidated). That rule applies to revocation judgments in

4

supervised release proceedings and in cases involving federal defendants. See Harris v. Fulwood, 611 F. App'x 1, 2 (D.C. Cir. 2015) (Heck barred parolee's claims seeking damages against federal officers involved in the revocation of his parole, where parole revocation had not been invalidated in any prior proceeding); Wingo v. Mullins, 400 F. App'x 344, 347 (10th Cir. 2010) (Heck barred Bivens and 42 U.S.C. § 1983 claims that would undermine validity of plaintiff's plea of guilty to supervised release violations); Hutchins v. Me. State Hous., No. 1:14-cv-00491-JAW, 2015 U.S. Dist. LEXIS 50428, at *13, 2015 WL 2250672, at *4 (D. Me. Apr. 16, 2015) (Heck's precondition applied to claims concerning validity of order revoking plaintiff's supervised release), R&R approved, 2015 U.S. Dist. LEXIS 62492, 2015 WL 2250672, at *1 (D. Me. May 13, 2015). Mr. Violette thus cannot litigate claims challenging the validity of his revocation judgment and sentence in this action. Accordingly, this action should be dismissed in its entirety for failure to state a claim upon which relief can be granted.

## Conclusion

For the foregoing reasons, this action should be dismissed in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day

period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                      */s/ Andrea K. Johnstone*
                                      Andrea K. Johnstone
                                      United States Magistrate Judge

December 15, 2020

cc: Gregory Paul Violette, pro se